UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT HUSSEY,<br>    Plaintiff,<br>v.<br>CITY OF LAS VEGAS,<br>    Defendant. | Case No. 2:23-cv-01295-JCM-NJK<br>**ORDER**<br>[Docket No. 17] |

Pending before the Court is Plaintiff's motion to extend discovery deadlines. Docket No. 17. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 17, 20, 21. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.　BACKGROUND**

On August 21, 2023, Plaintiff filed his complaint against Defendant. Docket No. 1. On November 6, 2023, Plaintiff filed his amended complaint alleging (1) violation of the Age Discrimination in Employment Act; and (2) violation of Title VII of the Civil Rights Act of 1964 and Nevada State Law. Docket No. 8 at 5-9. Defendant filed its first motion to dismiss on October 25, 2023. Docket No. 5.

On December 4, 2023, the Court entered the scheduling order in this case. Docket No. 14. The Court set the discovery cut-off for April 22, 2024.

Plaintiff now seeks to extend the unexpired deadlines by 90 days. Docket No. 17.

**II.　STANDARDS**

The Ninth Circuit has repeatedly emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite

1

the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010).

The movant bears the burden of establishing sufficient justification for modification of the case management deadlines. *See Desio*, 339 F.R.D. at 638 (citing *Singer v. Las Vegas Athl. Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)); *see also Branch Banking*, 871 F.3d at 765 (affirming denial of request to modify case management deadlines because the movants had not established good cause or excusable neglect). Magistrate judges have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### III.   ANALYSIS

Plaintiff submits that good cause warrants an extension of the discovery deadlines because his treatment providers were not revealed to his counsel until mid-February 2024 and he has encountered difficulties in obtaining requested medical records. Docket No. 17 at 4. Plaintiff submits that the medical records show his treatment history and that, absent these records, his damages claims will suffer. *Id*. at 2-3. Plaintiff submits that he needs more time to obtain and disclose his medical records. *Id*. at 3.

In response, Defendant submits that good cause does not exist for the extension request because Plaintiff fails to demonstrate the steps he took to try and obtain the medical records over the previous six months. Docket No. 20 at 7-8. Further, Defendant submits that, to the extent Plaintiff seeks the instant extension for purposes of taking depositions of additional witnesses, Plaintiff has known the identities of these witnesses for months and failed to depose them during the discovery period. *Id*. at 8-9. Defendant submits that it would be prejudiced by the extension because the medical records may require expert review, the expert disclosure deadline has already expired, and further discovery would exponentially increase the cost and time of litigation. *Id*. at 9-10.

In reply, Plaintiff submits that he acted diligently in timely disclosing additional witnesses and medical records from one of his treatment providers.  Docket No. 21 at 2.  Plaintiff submits that he is waiting on medical records from one treatment provider and that, in light of the content of his recent production, he requests a reduced extension of 60 days.  *Id*.

For good cause shown, the Court **GRANTS** Plaintiff's motion as amended by his reply.  Docket No. 17.  The Court extends the discovery cut-off to June 21, 2024.  The dispositive motion deadline is extended to July 22, 2024.  The pretrial order deadline is extended to August 21, 2024, 30 days after resolution of dispositive motions, or further order of the Court.

IT IS SO ORDERED.

Dated: April 11, 2024

_____
Nancy J. Koppe
United States Magistrate Judge