UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT HUSSEY,<br><br>               Plaintiff(s),<br><br>       v.<br><br>CITY OF LAS VEGAS,<br><br>               Defendant(s). | Case No.2:23-CV-1295  JCM (NJK)<br><br>ORDER |

Presently before the court is defendant City of Las Vegas ("City")'s motion to dismiss plaintiff Robert Hussey ("Hussey")'s amended complaint. (ECF No. 11). Hussey filed a response (ECF No. 12), to which City replied. (ECF No. 16).

**I.      Background**

The following allegations derive from Hussey's amended complaint. Hussey, a fifty-one-year-old Caucasian male, was hired by City in February of 2007 as a materials management technician for the Office of the City Clerk until approximately September of 2021. (ECF No. 8 at 2). From 2020 to 2021, Hussey experienced multiple instances of adverse and targeted conduct from his supervisor, an African-American male who was younger than Hussey. (*Id.* at 3). Such conduct engendered a hostile work environment that materially and negatively impacted Hussey's job position and performance. (*Id.*). The basis of this adverse treatment was Hussey's age and race. (*Id.* at 4).

Subsequently, Hussey submitted a complaint to City's human resources office in April and May of 2021 regarding the alleged harassment, bullying, and adverse conduct from his supervisor.

(*Id.*).  His complaints were ignored by City (and thus remained unresolved), eventually resulting in his supervisor retaliating against Hussey by increasing and continuing the targeted harassment. (*Id.*).  Shortly thereafter, Hussey went on leave for recovery from a worker's compensation-related injury.  (*Id.* at 2).  Upon his returning to work, Hussey was transferred to the production services division, where he remains employed to this date.  (*Id.*).

Hussey filed an amended complaint on November 6, 2023, asserting claims for (1) violation of the Age Discrimination in Employment Act ("ADEA") and (2) violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Nevada state law.  (ECF No. 8).[1]

City now moves to dismiss Hussey's amended complaint under Rule 12(b)(6) for failure to state a claim.  (ECF No. 11).

## II.   Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6).  A properly pleaded complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

. . .

. . .

. . .

---

[1] Hussey simply adds a general citation to "Nevada's anti-discrimination state statutes" to his claim for violation of Title VII.  (ECF No. 8 at 8).  Hussey does not cite any specific state statute and does not address state law in his opposition. (*See generally* ECF No. 12).  Accordingly, any complaint for violation of state law is dismissed without prejudice and not addressed, *infra*.

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

When the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). Additionally, when the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks omitted).

**III.   Discussion**

  A.   Violation of the ADEA

The court will analyze Hussey's claim for violation of the ADEA in two parts: (1) disparate treatment and (2) hostile work environment.

  i.   *Disparate treatment*

The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 182 (2009). Disparate treatment claims under the ADEA "are analyzed by the same standard used to analyze disparate treatment claims under Title VII." *Lindahl v. Air Fr.*, 930 F.2d 1434, 1437 (9th Cir. 1991).

To establish a *prime facie* case for disparate treatment under Title VII, a plaintiff must show the following: (1) he belongs to a protected class; (2) he was qualified for the position; (3)

he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). "[A] disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

Here, Hussey may still establish a *prima facie* case of disparate treatment despite never being discharged from his employment.[2] *Ray*, 217 F.3d at 1241. To satisfy the first two elements of his claim for disparate treatment, Hussey alleges he is fifty-one years old, has been employed by City since 2007, "satisfactorily performed his job[,] and remains qualified for his position." (ECF No. 8 at 2, 4). Hussey also alleges suffering adverse employment actions in eleven different ways, not limited to removal from his assigned desk area, unwarranted write-ups, and reassignment from his usual field-based work to perform desk-related work. (*Id*. at 6).

In this case, the other alleged comments and protocols did not materially affect Hussey's condition of employment sufficient to show disparate treatment. (*Id*.). For example, Hussey alleges his supervisor called him "an old dog that needed to be retrained." (*Id*.). This isolated comment, without more context, is not enough to create an inference of age discrimination. The allegation that Hussey's supervisor also made "other age-related comments" is simply too vague to infer age discrimination. (*Id*.). Finally, Hussey states he was subjected to a different level of scrutiny, supervision, criticism, and abusive language than were younger employees under the age of forty. (*Id.* at 7). This allegation is also vague and does not include *specific* instances to show

---

[2] Adverse employment actions under the ADEA are not limited to discharges, as they also include a variety of other actions that materially affect the terms, conditions, or privileges of employment. *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000). Examples include demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, toleration of harassment by other employees, and denials of job offers, contracts, promotions, and benefits. *Id*.

the differences in treatment. These claims, taken as true, do not make Hussey's inference of disparate treatment due to age discrimination plausible. *See Hazen Piper Co.*, 507 U.S. at 610.

### ii. *Hostile work environment*

To establish a *prima facie* case of a hostile work environment under the ADEA, age-based harassment must be both objectively *and* subjectively severe or pervasive enough to alter the conditions of employment and create an abusive working environment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (emphasis added). "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23.

To the extent Hussey complains of receiving poor treatment compared to "younger, under 40 employees," the court finds that he has presented insufficient facts and non-conclusory allegations to establish severe or pervasive conduct creating a hostile work environment. (ECF No. 8 at 7). As stated, *supra*, the most specific and age-related offensive conduct Hussey references is his supervisor calling him "an old dog that needs to be retrained." (*Id.* at 6). However, this comment appears to be an isolated event and non-threatening. Though the remark may have been offensive, it cannot be inferred to mean that ageism in the workplace was pervasive, and it is not objectively and subjectively severe enough sufficient to create a hostile work environment.

Moreover, Hussey's allegation that his supervisor also made "other age-related comments" is too vague to allege any *specific* incidents of harassment. (*Id.*) (emphasis added). Hussey has not provided sufficient allegations of underlying facts to establish a broader pattern of conduct that is severe or pervasive enough to negatively impact his work environment.

Hussey's claim for violation of the ADEA is appropriately dismissed.

B. Violation of Title VII

The court will analyze Hussey's claim for violation of Title VII under the same two categories as it did for his prior claim: (1) disparate treatment and (2) hostile work environment.

### i. *Disparate treatment*

The court employs the same analysis for disparate treatment under Title VII as it did when analyzing the ADEA claim in conjunction with the four *Chaung* factors. *See Lindahl*, 930 F.2d at 1437. "[A] disparate treatment claim cannot succeed unless the employee's protected trait actually played a role and had a determinative influence on the outcome." *Hazen Paper Co.*, 507 U.S. at 610.

There is nothing to suggest that Hussey's race was the motivating factor behind the conduct in question. Hussey attempts to connect City's conduct to race by merely claiming that he suffered "unequal treatment as opposed to his non-Caucasian co-workers," which is nothing more than a verbatim recital of the fourth element for disparate treatment. (ECF No. 8 at 8). The allegation that "unfair criticisms, insults, harassment and adverse comments against the [Hussey] were premised on [Hussey's] race" is non-specific and conclusory. (*Id.*). Simply put, Hussey fails to provide specific instances to show that racial animus played any role in the alleged disparate treatment.

### ii. *Hostile work environment*

Just as he did for his claim for violations of the ADEA, Hussey alleges a hostile work environment under Title VII. "An employer is liable under Title VII for conduct giving rise to a hostile environment where the employee proves (1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir. 2000) (citing *Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902, 908 (9th Cir. 1999)). "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23.

Given that the court has discussed the dearth of specifics in the amended complaint, it need not tarry in its analysis of the instant claim. Hussey repeatedly posits that the harassment was based on his race but does not offer any specific evidence buttressing that supposition. Accordingly, there is no basis for finding that any discriminatory harassment would qualify as either severe or pervasive requisite to plead a hostile work environment claim under Title VII.

Hussey's amended complaint does not plausibly state a claim for disparate treatment or hostile work environment based on racial discrimination. His claim for violation of Title VII is therefore dismissed.

C.  Retaliation under the ADEA and Title VII

Although Hussey does not assert a separate claim for retaliation, he repeatedly references retaliation in his response to City's motion.

Anti-retaliation provisions in the ADEA are parallel to those in Title VII. *Barnes v. Saul*, 840 F. App'x. 943, 946 (9th Cir. 2020). Both provisions make it unlawful for an employer to take an adverse action against an employee who makes an age discrimination complaint. *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 56 (2006). To establish a *prima facie* case of retaliation, an employee must show that he: (1) engaged in a protected activity; (2) suffered an adverse

retaliatory action; and (3) can demonstrate a causal connection between the protected activity and adverse retaliatory action. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012).

To plead an adverse retaliatory action, the employee must show that the action is one that a reasonable employee or applicant would consider as materially adverse and would dissuade a reasonable person from exercising his rights under the law. *Ray*, 217 F.3d at 1245. Causation does not depend upon temporal proximity; however, very close temporal proximity between an employer's knowledge of protected activity and an adverse employment action is sufficient evidence of causation to establish a prima facia case. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

Hussey avers that he engaged in a protected activity by complaining to human resources through the submission of internal complaint forms. (ECF No. 8 at 7). He further alleges that his supervisor's retaliatory conduct occurred subsequent to his complaint. (*Id.*). However, Hussey does not allege that his supervisor was aware of his complaint to human resources, just that the complaint "resulted in" his supervisor retaliating through "increasing and continuing with the ongoing harassing and adverse conduct targeting [him]." (*Id.*).

This is yet another general allegation that does not constitute an adverse retaliatory action in the absence of specific and non-conclusory details. Hussey merely assumes that the increased harassment was retaliatory simply because it occurred after his complaint to human resources; he does not adequately demonstrate a causal connection between any alleged adverse retaliatory action and the complaint. (*Id.*). He therefore cannot assert a retaliation claim under either the ADEA or Title VII.

. . .

. . .

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant City of Las Vegas's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED.

The causes of action for violation of the Age Discrimination in Employment Act and violation of Title VII of the Civil Rights Act of 1964 are dismissed from the complaint WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff Robert Hussey shall file an amended complaint within twenty-one (21) days of this order if he so chooses.  Failure to do so will result in dismissal of his amended complaint with prejudice.

DATED June 27, 2024.

_____
UNITED STATES DISTRICT JUDGE